# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLASIA LANGSTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:19-CV-0002020 |
| UNITED STATES OF AMERICA | ) ) ) |
| Defendants. | ) ) |

### DECLARATION OF ORLANDO GIDDIENS

I, ORLANDO GIDDIENS, make the following declaration in lieu of an affidavit pursuant to 28 U.S.C. §1746 and state the following:

1. I am employed by the United States Postal Service as a Supervisor, Maintenance Operations, at the Bridgeport, Connecticut, Post Office. I have held this position for approximately five years. The Bridgeport Post Office is part of the United States Postal Service's Connecticut Valley District.

2. I am over the age of twenty-one and competent to make this declaration.

3. In my capacity as the Supervisor, Maintenance Operations, among other duties, I am responsible to oversee the physical maintenance of the Bridgeport, Connecticut post office lobby area.

4. The United States Postal Service operates a full-service post office located at 120 Middle Street, Bridgeport, CT ("Bridgeport Post Office").

5. The Bridgeport Post office is located in an historic building and has

terrazzo floors in the lobby area.

6. The Bridgeport Post Office has two customer entrances, one on the north side of the building and one on the south side of the building.

7. When facing the Post Office, the entrance on the north side of the building is known as the Golden Hill Street entrance.

8. Upon opening the outside doors at the Golden Hill Street entrance, customers enter a vestibule area which leads to another set of doors to the main lobby.

9. It is my understanding that the plaintiff in this case testified in her deposition that she entered the Golden Hill Street entrance on January 13, 2018 and that she claims that she fell onto the lobby floor due to a puddle of water on the floor.

10. A search of all records at the Bridgeport Post Office indicates that there were no complaints made at any time on January 13, 2018, regarding a fall in the lobby. I first learned of Plaintiff's claim when my office was contacted by Jacqueline Slay, Tort Claim Coordinator, for the Connecticut Valley District.

11. I was not working on the date of January 13, 2018. Upon my return to work, I was not notified by any of the employees of the Bridgeport Post Office of anyone falling in the lobby at any time on January 13, 2018.

12. I did not receive a copy of a letter dated January 26, 2018 that Plaintiff claims was sent to the "Manager of the Bridgeport Post Office" shortly after the alleged fall. I first learned of this letter when it was shown to me by an attorney with the United States Postal Service's Law Department after the complaint in this case was filed in the United States District Court for the District of Connecticut.

13. The Bridgeport Post Office is managed by a Postmaster, Gary Thompson. Mr. Thompson was the Postmaster of the Bridgeport Post Office in January of 2018. He is the lead manager of the operation. Any correspondence addressed to the "Manager of the Bridgeport Post Office" would be directed to the Postmaster.

14. It is standard procedure that any correspondence received by the Postmaster that addressed maintenance issues at the post office, the video recordings made at the post office, or matters related to the custodial staff, are forwarded to me for my attention and appropriate action.

15. Any correspondence received by Postmaster Thompson addressing a trip or fall in or around the Bridgeport Post Office would be forwarded to me for attention and appropriate action. I would be responsible to report the accident, complete the necessary paperwork, and to save any relevant video recordings.

16. If I am on duty and advised that there is water on the floor of the lobby, I would immediately advise one of the custodians to clean up the water or other spill and to ensure that the caution cones are placed in the area to warn any customers or employees in the area.

17. If I am on duty when a trip or fall occurs, I would immediately go to the area, determine if the person needs emergency medical attention and inquire if the person needs other assistance such as a call to a family member, etc. I would also take photographs of the person who fell in the area, the shoes the person was wearing at the time, any photos of a contributing factor to the

trip or fall, and photos of the area in general. I would also request a written statement from the person who fell and any witnesses that are on the scene.

18. Following the duties outlined in paragraph 17, I would complete an accident report for the record.

19. In my capacity as the Manager, Maintenance Operations, I am responsible for the video camera system that is used to record video of activity in the customer access area of the Bridgeport Post Office. The system is automatically set to record each day for 30 consecutive calendar days. After 30 days, the earliest/oldest date of video recordings on the system is automatically deleted.

20. Because I was not aware that there was an alleged fall in the lobby on January 13, 2018, I did not download the video recording for that date.

21. The recordings for that date were automatically deleted on February 12, 2018. Had I seen the letter plaintiff claims to have sent to the "Manager, Bridgeport Post Office," dated January 26, 2018, I would have ensured that the day's recordings were downloaded and saved on a thumb drive in order to preserve the recording.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Executed this 18 day of February 2021.

By: *[signature]*
Orlando Giddiens
Manager, Maintenance Operations
Bridgeport Post Office